1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11   MARIA SANTILLAN, et al.                | Case No. C-04-2686 MHP

12                    Plaintiffs,            | Case No. C-08-1531 MHP

13          v.                              | ~~[PROPOSED]~~ **ORDER GRANTING**
     MICHAEL B. MUKASEY, Attorney           | **JOINT MOTION FOR PRELIMINARY**
14   General of the United States; et al.   | **APPROVAL OF SETTLEMENT**
                     Defendants;            | **AGREEMENT AND APPROVAL OF**
15   and,                                   | **NOTICE TO CLASS MEMBERS OF**
                                            | **PROPOSED SETTLEMENT**
16   TERESA D. PADILLA, et al.,             |
17                    Plaintiffs            | Hearing Date:  June 16, 2008
                                            | Time:  2:00 p.m.
18          v.                              | Courtroom: 15
     TOM RIDGE, Secretary of Homeland       |
19   Security, et al.,                      | Hon. Marilyn Hall Patel
     Defendants                             |

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

On June 16, 2008, this Court held a hearing on the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement.  Upon full consideration of all submitted papers and oral arguments in support of the Joint Motion, and for good cause shown, IT IS HEREBY ORDERED that the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement is GRANTED as follows:

1.  The Stipulation and Agreement of Settlement and Release attached hereto as Attachment A is preliminarily approved.

2.  The Notice of Proposed Settlement Agreement and Hearing in Class Action Concerning Issuance of Permanent Resident Documentation to Individuals Granted Status by the Executive Office for Immigration Review attached hereto as Attachment B is approved.

3.  The following satisfies the notice requirements of Federal Rule of Civil Procedure 23(e)(1)(B):  (i) posting the Notice of Proposed Settlement Agreement and Stipulated Agreement of Settlement and Release in appropriate places on the United States Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and Department of Justice ("DOJ") / Executive Office for Immigration Review ("EOIR") public websites, and (ii) distributing within three (3) business days of the date of this Order, the Notice of Proposed Settlement Agreement and Stipulated Agreement of Settlement and Release to all immigration assistance providers listed on the Roster of Recognized Organizations and Accredited Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292 and 1292, and the Pro Bono Program section of the EOIR website.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

1.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

1        4.     A fairness hearing will be held on July 21, 2008 at 3:00 p.m. by this Court, located

2            at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 15.

3    IT IS SO ORDERED.

4

5    Dated: _ June 19 _____, 2008

6                  Hon. Marilyn

7                  UNITED DIST



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

2.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

# ATTACHMENT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SANTILLAN, et al., | Case No.  C 04-2686-MHP |
| Plaintiffs, | **STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE** |
| vs. | |
| ALBERTO R. GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of Homeland Security; THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; EMILIO GONZALEZ, USCIS Director; DAVID STILL, USCIS San Francisco District Director, | |
| Defendants. | |

Plaintiffs in the above-captioned matter, on behalf of themselves, the Class and all Class Members (as defined below), and Defendants Alberto Gonzales, Attorney General; Michael Chertoff, Secretary of Homeland Security; United States Citizenship and Immigration Services ("USCIS"); Emilio Gonzalez, Director of USCIS, and David Still, District Director, USCIS San Francisco District (together, "Defendants"), by and through their attorneys, hereby enter into this Stipulation and Agreement of Settlement, and Release (the "Stipulation"), as of the date beneath Defendants' counsel's signature, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS:

(A)     Plaintiffs, Maria Santillan, Flora Rodriguez Santillan, Jaime Rodriguez Santillan and others filed suit on behalf of themselves and all others similarly situated against Defendants, the Attorney General of the United States, the Secretary for the Department of Homeland Security, the United States Citizenship and Immigration Services ("USCIS"); the Director of the USCIS, and the San Francisco USCIS District Director in the U.S. District Court for the Northern

1  District of California on July 6, 2004, seeking class certification and declaratory and injunctive

2  relief;

3       (B)   By Order of October 12, 2004, the Court (1) certified the class consisting of "all

4  persons who were or will be granted lawful permanent resident status by the [Department of

5  Justice's Executive Office for Immigration Review (EOIR)], through the Immigration Courts or

6  the Board of Immigration Appeals [(BIA)] of the United States, and to whom USCIS has failed to

7  issue evidence of registration as a lawful permanent resident, with the exception that the class

8  excludes the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney General, No. 04-CV-21685 (S.D.*

9  *Fla.)* and the plaintiff class in *Padilla v. Ridge, No. M 03-126 (S.D. Tex.)*;" (2) named Maria

10  Santillan, Flora Rodriguez Santillan, and Jamie Rodriguez Santillan as class representatives; and

11  (3) named counsel of named plaintiffs as counsel for the class;

12       (C)   By Order of August 24, 2005, the Court subdivided the class into a "pre-April 1

13  subclass" of persons who were or will be granted lawful permanent resident status by the EOIR

14  under regulations in effect prior to April 1, 2005 through the Immigration Courts or the BIA, and

15  to whom USCIS has failed to issue evidence of registration as a lawful permanent resident, with

16  the exception that the class excludes the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney*

17  *General*, No. 04-CV-21685 (S.D. Fla.) and the plaintiff class in *Padilla v. Ridge*, No. M 03-126

18  (S.D. Tex.), and a "post-April 1 subclass," who were or will be granted lawful permanent resident

19  status by the EOIR under regulations in effect on April 1, 2005 or thereafter;

20       (D)   In the same Order of August 24, 2005, the Court granted Plaintiffs' Motion for

21  Summary Judgment Declaring Violations of the Administrative Procedure Act;

22       (E)   By Order of December 22, 2005, the Court issued a Permanent Injunction;

23       (F)   Defendants filed a Notice of Appeal to the Ninth Circuit; on February 16, 2006.

24       (G)   One of Plaintiffs' counsel, Mr. Javier Maldonado on behalf of the Lawyers'

25  Committee for Civil Rights Under the Laws of Texas, represents the plaintiff class in *Padilla v.*

26  *Ridge*, No. M 03-126 (S.D. Tex.);

27       (H)   Defendants deny all liability with respect to the Action, deny that they have

28  engaged in any wrongdoing, deny the allegations in the Complaint filed in the Action, deny that

STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1   they committed any violation of law, deny that they acted improperly in any way, and deny

2   liability of any kind to the Plaintiffs, the Class, or the Class Members, but have agreed to the

3   settlement and dismissal of the Action with prejudice in order to: (i) avoid the substantial

4   expense, inconvenience, and distraction of protracted litigation; and (ii) finally put to rest and

5   terminate the Action and any and all Settled Claims (*see below* Section I: "Definitions");

6       (I)    Class Counsel have conducted discussions and arm's length negotiations with

7   Defendants' Counsel with respect to a compromise and settlement of the Action with a view to

8   settling the issues in dispute and achieving the best relief possible consistent with the interests of

9   the Plaintiffs, the Class, and all Class Members;

10       (J)    Class Counsel (1) have concluded that the terms and conditions of this Stipulation

11   are fair, reasonable, and in the best interests of the Named Plaintiffs, the Class, and all Class

12   Members; (2) have agreed that the Released Parties should be released from the Settled Claims

13   pursuant to the terms and provisions of this Stipulation; (3) and have agreed to the dismissal of

14   the Action with prejudice and to seek vacatur of the Court's permanent injunction Order of

15   December 22, 2005 (slip copy published at 2005 WL 3542661 (N.D. Cal. 2005)), after

16   considering the substantial benefits that the Plaintiffs, the Class, and all Class Members will

17   receive from settlement of the Action, the risks of litigation, and the desirability of permitting the

18   Settlement to be consummated as provided by the terms of this Stipulation;

19       NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the

20   parties to this Stipulation, through their respective attorneys, subject to the approval of the Court

21   pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits

22   flowing to the parties hereto from the Settlement, that the Settled Claims as against the Released

23   Parties shall be compromised, settled, forever released, barred, and dismissed with prejudice,

24   upon and subject to the following terms and conditions:

25       **I. Definitions:**

26       Wherever used in this Stipulation, the following terms have the meanings set forth below:

27       A.    "Action" means the above-captioned action pending in the United States

28   District Court for the Northern District of California (docket no. C 04-2686-MHP) and in the U.S.

STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1  Court of Appeals for the Ninth Circuit (docket no. 06-15366).

2      B.    "Class" means, for purposes of this settlement only, a Plaintiff class

3  pursuant to Rule 23 of the Federal Rules of Civil Procedure, comprising all persons who have

4  been or will be granted lawful permanent resident status prior to termination of this Stipulation by

5  the EOIR, through the Immigration Courts or the BIA, and to whom the USCIS has failed to issue

6  evidence of registration as a lawful permanent resident, with the exception that the class excludes

7  the 34 named plaintiffs in *Lopez-Amor v. U.S. Attorney General*, No 04-CV-21685 (S.D. Fla.).

8  This class definition is dependent upon dismissal of the action in *Padilla, et al., v. Ridge, et al.*,

9  No. M-03-126 (S.D. Tex.), or transfer of that action to the Northern District of California.  The

10  Class ceases to exist upon the termination of this Stipulation, and the Class shall not accrue any

11  additional members after such termination date.  If the *Padilla* case is not dismissed or transferred

12  to this court, the parties will re-negotiate the terms of this agreement.

13      C.    "Class Member" means any Person included in the Class.

14      D.    "Effective Date of Settlement" or "Effective Date" means the date upon

15  which the Settlement contemplated by this Stipulation shall become effective, as set forth in

16  paragraph 33 below.

17      E.    The terms "evidence of LPR status" and "documentation of LPR status"

18  mean documentation issued by DHS to an alien having lawful permanent resident status that the

19  alien may show to demonstrate his or her status for purposes of travel, employment, and other

20  activities requiring documentation of an individual's immigration status in the United States.  For

21  purposes of this Stipulation, such documentation also constitutes the "evidence of registration as a

22  lawful permanent resident" in the class definition as defined above.

23      F.    "Lawful Permanent Resident" ("LPR") means a lawful permanent resident

24  alien of the United States, as defined in 8 U.S.C. § 1101(a)(20).

25      G.    The term "Permanent Resident Card" or "Form I-551" means the secure,

26  biometric document that is issued by DHS to LPRs as evidence of their permanent resident status.

27      H.    "Plaintiff(s)" or "Named Plaintiff(s)" means Maria Santillan, Flora

28  Rodriguez Santillan, Jaime Rodriguez Santillan, Maria Camarillo, Jose Miranda, Miroslava

STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1   Hernandez, Pablo Hernandez Calvillo, and Rodolfo Navas;

2        I.      "Plaintiffs' Counsel" or "Class Counsel" means Cooley Godward Kronish

3   LLP, the Lawyers' Committee for Civil Rights Under the Laws of Texas, and the Mexican

4   American Legal Defense and Education Fund.  Should these entities change their names or merge

5   with other entities, those new entities shall also qualify as Class Counsel.

6        J.      "Released Parties" means any and all of the Defendants, their predecessors

7   and successors, their departments and agencies, and their past or present agents, employees, and

8   contractors.

9        K.      "Settled Claims" means any and all actions, suits, claims, demands, rights,

10  liabilities, and causes of action, of every nature and description, whether known or unknown,

11  accrued or unaccrued, whether based on federal, state, local, statutory, or common law or any

12  other law, rule, or regulation, that were asserted or that could have been asserted or could be

13  asserted in this Action in any forum, that the Plaintiffs, the Class, the Class Members or any of

14  them, or any of their heirs, representatives, attorneys, successors, assigns, and any person they

15  represent, in the past had, now have, or during the pendency of the Stipulation might have against

16  the Defendants or any of them, which regard, concern, relate to, refer to, arise out of, or are based

17  upon, in any way: (a) the allegations, transactions, facts, matters, occurrences, representations,

18  omissions, disclosures, statements, failure to disclose, or failure to act involved, set forth, referred

19  to or that were, could be, or could have been asserted in the Action, including known and

20  Unknown Claims as herein defined, and whether or not concealed or hidden; (b) any Defendant's

21  provision or failure to provide evidence of LPR status, and the manner or timing of such

22  provision or non provision; (c) the Defendants' defense of or settlement of the Action.  Provided,

23  however, that the definition of Settled Claims shall not in any way impair or restrict the rights of

24  the settling parties to invoke the dispute resolution provisions of this Stipulation at paragraphs 26-

25  29.  Specifically, this definition does not restrict a class member's ability to pursue "Individual

26  Claims" except as set forth in paragraph V.26.  As used herein, "Unknown Claims" shall mean

27  any and all actions, suits, claims, demands, rights, liabilities, and causes of action relating to or

28  arising from the allegations in the Action that the Plaintiffs, the Class, or any of the Class

5.

1  Members do not know of or suspect to exist in their favor at the time of the release of the

2  Released Parties, including but not limited to those that, if known by them, might have affected

3  their agreement to the Settlement.

4       L.    "Settlement" means the settlement contemplated by this Stipulation.

5                    **II. Release; Scope and Effect of Release**

6       1.    The obligations incurred pursuant to this Stipulation shall be a full and final

7  disposition of the Action with prejudice and of any and all Settled Claims as against all Released

8  Parties.

9       2.    On the Effective Date, the Plaintiffs, the Class, and the Class Members, on behalf

10  of themselves, their heirs, executors, administrators, representatives, attorneys, successors,

11  assigns, agents, affiliates, and partners, and any Persons they represent ("Releasing Parties"),

12  shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and

13  forever released, relinquished, and discharged the Released Parties of and from any and all of the

14  Settled Claims, and the Releasing Parties shall forever be barred and enjoined from bringing or

15  prosecuting any Settled Claim against any of the Released Parties.  The terms of this paragraph do

16  not limit the Individual Claims or Class Claims that Plaintiffs may bring pursuant to paragraphs

17  26-29.

18       3.    This Stipulation is contingent on the Court's vacating its permanent injunction

19  Order of December 22, 2005 (published at 2005 WL 3542661 (N.D. Cal 2005)) and the

20  preservation of the summary judgment Order (published at 388 F. Supp. 2d 1065 (N.D. Cal.

21  2005)).  Defendants' concurrence with the preservation of the summary judgment Order does not

22  constitute, and shall not be deemed to imply, Defendants' agreement with the findings or

23  decisions contained in that Order.

24       4.    In consideration for the releases contained herein, and subject to this Stipulation's

25  conditions, the Defendants will institute requirements, as detailed herein, for the issuance of

26  evidence of LPR status to Class Members who are issued any of the following final orders by

27  EOIR: (i) orders granting adjustment of status to permanent residence; (ii) orders granting

28  cancellation of removal and adjustment of status of a non-permanent resident to permanent

STIPULATION AND AGREEMENT OF SETTLEMENT
                                            AND RELEASE

residence; (iii) orders granting suspension of deportation and adjustment of status of a non-permanent resident to permanent residence; (iv) suspension of deportation or special rule cancellation of removal; or (v) any other form of relief from removal that EOIR may grant that results in a Class Member being granted LPR status at the conclusion of removal proceedings (collectively, the "Covered Orders").  See 8 U.S.C. § 1159; 8 U.S.C. § 1186a; 8 U.S.C. § 1186b; former 8 U.S.C. § 1254; 8 U.S.C. § 1229b(b); 8 U.S.C. § 1255; Pub. L. No. 106-429, § 101(a), Nov. 6, 2000, 114 Stat 1900, 1900A-57; Pub. L. No. 106-378, Oct. 27, 2000, 114 Stat. 1442; Pub. L. No. 105-277, Div. A, § 101(h), Oct. 21, 1998, 112 Stat. 2681-480, 2681-538; Pub. L. No. 105-100, Title II, § 202, Nov. 19, 1997, 111 Stat.2193; Pub. L. No. 104-208, Div. C, Title VI, Sept. 30, 1996, 119 Stat 3009-709; Pub. L. No. 102-404, Oct. 9, 1992, 106 Stat. 1969; Pub. L. No. 101-238, S 2, Dec. 18, 1989, 103 Stat. 2099; Pub. L. No. 101-167, Title V, § 599E, Nov. 21, 1989, 103 Stat. 1263; Pub. L. No. 97-271, Sept. 30, 1982, 96 Stat. 1157; Pub. L. No. 95-145, Title I, §§ 101-107, Oct. 28, 1977, 91 Stat. 1223; Pub. L. No. 89-732, Nov. 2, 1966, 80 Stat. 1161; 8 U.S.C. § 1255b; 8 U.S.C. § 1259; 8 U.S.C. § 1160; 8 U.S.C. § 1255a; 50 U.S.C. § 403h.  As used in this Stipulation, the term "Final Covered Order" shall apply to Covered Orders that satisfy 8 U.S.C. § 1101(a)(47)(B).

### III. Requirements for Issuance of Status Documentation

**A.   Notice to Class**

5.   Defendants, acting through U.S. Immigration and Customs Enforcement ("ICE"), agree to provide to any Class Member who receives a Covered Order from an Immigration Court a written description of the Post-Order Instructions for obtaining documentation of LPR status from USCIS at the time such Class Member receives such Covered Order.  Defendants, acting through the BIA, agree to provide to any Class Member who receives a Covered Order from the BIA information in the decision on how to access DHS procedures for obtaining documentation of LPR status from USCIS.

6.   Defendants agree to post the information contained in the written description of Post-Order Instructions on USCIS's public website, and to provide appropriate hyperlinks to the Post-Order Instructions from other public websites maintained by DHS and DOJ.

7.  Any Class Member who received a Covered Order prior to April 1, 2005 and who has not, as of the Effective Date of this Stipulation, received the Post-Order Instructions, shall be provided the Post-Order Instructions if and when he or she contacts USCIS seeking issuance of status documentation.

8.  Defendants will also notify Class Members of the Settlement pursuant to a Court-approved Notice to the Class pursuant to paragraph 30 of this Stipulation.

**B.  Communication between ICE and USCIS of Class Members' Status**

9.  Within three (3) business days of a Class Member's Covered Order from an Immigration Court becoming final, ICE shall provide notice to USCIS that provides all necessary information for USCIS to process such Class Member's status documentation, such as verification that all required security and background checks have been completed, the Class Member's class admission code, and, where applicable, confirmation that the Department of State has provided such Class Member a visa number.

**C.  Timing of Issuance of Status Documentation**

10.  Subject to the exceptions in this Stipulation, USCIS shall issue a Permanent Resident Card (Form I-551) within (i) fifteen (15) business days of capture of the Class Member's biometrics at the Application Support Center ("ASC") as described in paragraph 15 of this Stipulation; or (ii) thirty (30) business days from the Starting Date, as defined in paragraph 11 of this Stipulation, whichever date is later.

11.  For Class Members who have been issued a Final Covered Order as of the Effective Date of this Stipulation, the "Starting Date" shall mean: (i) the date on which the Class Member first presents himself or herself at a local USCIS office in conformity with paragraphs 12-14 of this Stipulation; or (ii) the Effective Date of this Stipulation, whichever is later.  For future Class Members who receive a Final Covered Order after the Effective Date of this Stipulation, the "Starting Date" is the date on which the Class Member first presents himself or herself at a local USCIS office in conformity with paragraphs 12-14 of this Stipulation.

**D.  The Initial USCIS Appointment**

12.  In order to conform with this paragraph of the Stipulation, the Class Member must

8.

1    make an appointment at a local USCIS office using InfoPass or other routine means used for

2    making USCIS appointments.  For purposes of this Stipulation, this appointment at USCIS will

3    be termed the "InfoPass appointment."  If the Class Member is unable to do so himself or herself

4    because the Class Member (or his or her representative, if any) does not have access to, or ability

5    to access, the Internet, or because InfoPass or other routine means used for making USCIS

6    appointments indicates the unavailability of such appointments, the Class Member may come to a

7    local USCIS office without previously contacting USCIS, and USCIS will schedule the Class

8    Member's USCIS appointment not later than two (2) weeks after the Class Member's visit to the

9    USCIS office.

10         13.    In order to conform with this paragraph of the Stipulation, the Class Member must

11   appear at the USCIS appointment set pursuant to paragraph 12 of this Stipulation with the

12   following information: (i) his or her copy of the Covered Order; (ii) satisfactory evidence of his

13   or her identity; (iii) a passport, if available; and (iv) any USCIS receipt notice issued to the Class

14   Member in connection with the application for relief and any evidence of prior biometric

15   processing, if such documents are in the Class Member's possession.  The failure to present the

16   items in (iii) and (iv) above will not affect the date of the commencement of the prescribed period

17   of time.  Using the above documents, USCIS will verify the identity of the Class Member and that

18   the same Class Member has received a Final Covered Order.

19         14.    If the Class Member does not bring the documents required in paragraph 13(i) and

20   (ii) to his or her InfoPass appointment, USCIS will schedule a subsequent InfoPass appointment

21   for the Class Member, and the prior appointment will not be deemed in conformity with

22   paragraph 13 of this Stipulation.

23         15.    If at the time of an InfoPass appointment at USCIS that conforms with paragraphs

24   12 and 13 of this Stipulation, USCIS determines that the Class Member's biometrics have not

25   been previously obtained, or have not been obtained in a manner that can be retrieved by USCIS

26   for card production, USCIS shall schedule a new appointment at an ASC for biometrics capture

27   for the Class Member within fifteen (15) business days of the above-mentioned appointment.  If a

28   Class Member is required to pay a DHS biometrics collection fee, and the Class Member can

9.

1    demonstrate prior payment of that fee in association with his application for relief that EOIR

2    granted, the Class Member will not be charged additional fees for providing biometric

3    information at the ASC.  A Class Member may demonstrate prior payment by showing a USCIS

4    fee receipt indicating such payment, a cancelled check for the biometric fee, a credit card receipt

5    for the fee, a copy of the money order submitted for the fee payment, or the customer receipt from

6    the institution that issued the money order.

7            16.    The time periods described in paragraphs 10, 11, and 14 shall be tolled during any

8    period that a Class Member fails to attend a scheduled ASC appointment and provide biometrics,

9    fails to provide the information in 13(i) or 13(ii) necessary for processing his or her request for

10   documentation of LPR status, or fails to comply with any other requirements of such paragraphs.

11   **E.    Administrative Remedies for Non-Issuance of Status Documentation**

12           17.    USCIS shall establish a National Point of Contact ("POC"), with a dedicated e-

13   mail address or website, to accept inquiries from Class Members who do not receive status

14   documentation within the period specified in paragraphs 10 and 11 of this Stipulation.

15           18.    Any Class Member who does not receive documentation of LPR status within the

16   period specified in paragraphs 10 and 11 of this Stipulation may, personally or through a

17   representative, contact the POC at the dedicated USCIS e-mail address or through a USCIS

18   website location, provided that USCIS is able to establish such a website location as a

19   replacement for the e-mail process.  If a Class Member is unable to send an e-mail to the POC or

20   to use the replacement website location, once implemented, to contact the POC, the Class

21   Member may call the USCIS National Customer Service Center toll free number to make such

22   inquiry, and the USCIS National Customer Service Center shall collect the information listed in

23   paragraph 19 and transmit it to the national POC.

24           19.    The Class Member or his or her representative, in the e-mail to the POC or the

25   replacement USCIS website location (if created) or the call to the USCIS National Customer

26   Service Center referred to in paragraph 18, must transmit the following information:  (a) Class

27   Member's name; (b) Class Member's "A number"; (c) Class Member's date of birth; (d) Class

28   Member's address; (e) the date the Class Member's Covered Order became final; (f) type of relief

10.    STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

granted to the Class Member by EOIR; (g) location of USCIS office where Class Member attended an InfoPass appointment at USCIS; (h) dates of Class Member's USCIS InfoPass appointment(s) and ASC appointments (if applicable); and (i) any other available information regarding Class Member's efforts to obtain status documentation. In order to ensure that the class member provides all the information elements in this paragraph necessary for the POC to inquire about the class member's status documentation, USCIS may provide a form to be attached to the class member's e-mail, or create a replacement website format, for the class member to complete the requested information.

20.    Within twenty-one (21) business days after a Class Member or his or her representative sends the e-mail, submits the USCIS website form (once created), or contacts the toll free number and conveys the required information in paragraph 19, USCIS shall mail or otherwise issue to the Class Member a Permanent Resident Card (Form I-551). If USCIS does not mail or otherwise issue a Form I-551 to a Class Member within such period, then: (i) the Class Member may appear without an appointment at a local USCIS office; (ii) at such appearance, after USCIS confirms that USCIS has not mailed or otherwise issued the Class Member's Form I-551, USCIS shall issue the Class Member temporary documentation of LPR status that is sufficient for the Class Member to present when required to provide evidence of his or her immigration status for travel, employment, or other purposes requiring such evidence. Any such temporary documentation shall be valid for at least six (6) months. DHS shall issue a permanent I-551 card to the Class Member within six (6) months of issuing the temporary documentation. When issuing either temporary or permanent documentation of status, nothing in this Stipulation shall prevent Defendants from complying with the requirements for secure documents as contained in section 303(b) of the *Enhanced Border Security and Visa Entry Reform Act*, Pub. L. No. 107-173 (2002) (*codified, as amended*, at 8 U.S.C. § 1732(b)). Defendants are expected to meet their obligations to issue temporary documentation under this paragraph consistent with the U.S. Code.

21.    USCIS will maintain for two (2) years following the Effective Date of this Stipulation records of all Class Members who identify themselves to the POC or to the USCIS

1    National Customer Service Center toll free number in conformity with paragraph 24 of this

2    Stipulation.

3    **F.    National Security Exception**

4         22.     Plaintiffs agree, on behalf of themselves, the Class, and the Class Members, that

5    nothing in this Stipulation shall limit Defendants from withholding evidence of LPR status from a

6    Class Member beyond any of the time periods stated in this Stipulation, where Defendants

7    possess specific and particular information about that Class Member that was not previously

8    disclosed by the Class Member, on the record while in removal proceedings, that the Class

9    Member may be a risk to national security or public safety.  The USCIS Director or Deputy

10   Director will certify, in writing, that (a) Defendants possess the specific and particular

11   information, as described in this paragraph, that the Class Member may be a risk to national

12   security or public safety; (b) he or she has reviewed and considered such information that is

13   available to USCIS, and (c) he or she approves the decision to withhold documentation of LPR

14   status from the Class Member for national security or public safety reasons as provided in this

15   paragraph.  This writing is not required to be in the form of a declaration, affidavit, or any other

16   statement or writing made under oath or the penalty of perjury.  Plaintiffs also agree that nothing

17   in this Stipulation shall limit Defendants' authority to promulgate regulations, issue policy

18   directives and guidance, and to take other appropriate action, as necessary, concerning

19   background and security investigations conducted on aliens or the issuance of documents to

20   aliens.

21   **G.    Emergency Request for Issuance of Status Documentation**

22        23.     A Class Member may seek issuance of temporary status documentation at any

23   InfoPass appointment at USCIS where the class member provides the information in paragraph

24   13(i) and 13(ii) of this Stipulation if:  (a) he or she brings written evidence demonstrating an

25   emergency need to travel (*e.g.*, death or imminent death of an immediate family member abroad

26   or severe illness of a minor child or dependent who needs medical treatment abroad); or (b)

27   demonstrates an emergency need for documentation evidencing his or her eligibility for

28   employment.  USCIS will ordinarily provide such temporary documentation of LPR status if the

12.        STIPULATION AND AGREEMENT OF SETTLEMENT
                                                           AND RELEASE

Class Member's checks have been completed and establish that the Class Member does not pose a risk to national security or public safety.

### IV. Defendants' Reporting Obligations

24.     Defendants agree that, for two (2) years following the Effective Date of this Stipulation, USCIS will provide quarterly reports ("Quarterly Reports") to class counsel listing (by name and A-file number) Class Members who have contacted the POC pursuant to paragraphs 17-20 of this Stipulation during the reporting period and who have not been issued documentation of LPR status by the due date of the Quarterly Report. The Quarterly Report shall identify, for each Class Member, whether the relevant time period for issuance of documentation of LPR status under this Stipulation has indeed expired and any reason Defendants assert for not issuing status documentation; provided, however, that USCIS will not list any reason provided for in paragraph 22 of this Stipulation in the Report. USCIS will provide such quarterly reports to class counsel within twenty-one (21) business days after the end of each quarter, which end on March 31, June 30, September 30, and December 31 of each year.

25.     Defendants will include in the Quarterly Report to Class Counsel the number of times, if any, during the period that status documents have been withheld for the reason provided for in paragraph 22 of this Stipulation.

### V. Dispute Resolution Procedures; Exhaustion of Remedies

26.     Plaintiffs, on behalf of themselves, the Class, and the Class Members, agree that: (a) their sole and exclusive remedy for any alleged breach of this Stipulation is specified in paragraphs 27 ("Class Claims") and 28 ("Individual Claims") of this Stipulation; (b) no Class Member may bring either an Individual Claim or a Class Claim (as defined herein) unless such Class Member has (i) appeared at an InfoPass appointment or other routine means used for making USCIS appointments at USCIS in conformity with paragraphs 12 and 13 of this Stipulation; (ii) if applicable, appeared at an ASC appointment in conformity with paragraph 15 of this Stipulation; (iii) contacted the POC in conformity with paragraphs 17 through 19 of this Stipulation; and (iv) not been issued documentation of LPR status within the twenty-one (21)-business day period in paragraph 20 of this Stipulation; and (c) that the Court's summary

13.

1   judgment Order of August 24, 2005 (published at 388 F.Supp.2d 1065 (N.D. Cal. 2005) shall not

2   constitute *res judicata* for claim or issue preclusion purposes in the context of either the

3   Individual Claims that may be brought under paragraph 28 or the Class Claims that may be

4   brought under paragraph 27.  Any claim that does not meet the requirements of this paragraph

5   shall be dismissed.  Defendants reserve any and all applicable defenses, including those that may

6   become available if the law changes, to any Class or Individual Claim filed under this Stipulation.

7   **A.    Class Claims**

8        27.    A "Class Claim" is any claim by a Class Member, represented by Class Counsel,

9   to enforce this Stipulation on behalf of the Class.  This Court has sole and exclusive jurisdiction

10  to hear any Class Claim.  No Class Claims may be filed or made, individually or collectively,

11  unless: (i) the Class Member making the Class Claim can identify at least 25 Class Members

12  from a minimum of 4 different USCIS districts who have exhausted all of the procedures required

13  of them in paragraphs 12 through 20 of this Stipulation without receiving documentation of LPR

14  status, (ii) such Class Members still have not received their documentation of LPR status after

15  two (2) calendar quarters since the Class Members exhausted those procedures; and (iii) the Class

16  Member making the Class Claim has identified the 25 Class Members in subpart (i), including

17  names and A numbers, to the USCIS Chief Counsel, in writing, at least sixty (60) days in advance

18  of requesting enforcement by the Court.  The 60-day notice period in subpart (iii) may run

19  concurrently, in whole or in part, with the calendar quarters in subpart (ii).  Defendants reserve

20  and do not waive any defenses that they may have to a Class Claim, including defenses without

21  limitation already raised in the Litigation and defenses that may arise under new laws or

22  regulations.

23  **B.    Individual Claims**

24       28.    An "Individual Claim" is an action brought by an individual Class Member to

25  invoke court assistance to obtain individual relief in the form of documentation of LPR status.

26  An Individual Claim may be brought in this Court or in any other federal district court with

27  jurisdiction over the parties.  A Class Member's exhaustion of remedies does not per se establish

28  that such Class Member has met his burden to prove the individual claim brought pursuant to this

14.     STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1   Stipulation.  With the exception of the requirements set forth in paragraph 26, this Stipulation

2   does not restrict a Class Member's ability to pursue actions in accordance with this paragraph.

3   Defendants reserve and do not waive any defenses that they may have to an Individual Claim,

4   including defenses without limitation already raised in the Litigation and defenses that may arise

5   under new laws or regulations.

6        29.   If a Class Member who has not received documentation of LPR status for the

7   reasons allowed in paragraph 22 of this Stipulation files an Individual Claim, and the court

8   determines that the Individual Claim was filed in accordance with this Stipulation, Defendants

9   shall, within thirty (30) days of such determination, inform the Class Member or his appropriate

10   representative in his individual lawsuit, in writing, that the Director or Deputy Director of USCIS

11   has made a determination to withhold that Class Member's evidence of status beyond the

12   applicable time period in the Stipulation because DHS possesses specific and particular

13   information that the Class Member may be a risk to national security or public safety; provided,

14   however, that issuing documentation of LPR status to that Class Member prior to that time will

15   obviate the need for USCIS to provide such writing.  Defendants are not required to describe the

16   nature or details of information that they possess regarding Class Members for whom Defendants

17   decide to withhold evidence of LPR status under paragraph 22 of this Stipulation.

18                **VI.  Terms of Order for Notice and Hearing**

19        30.   Concurrently with their filing of this Stipulation, Class Counsel and Defendants'

20   Counsel shall jointly apply to the Court for preliminary Court approval of the Settlement

21   contemplated by this Stipulation and entry of a Preliminary Approval Order, substantially in the

22   form appended hereto as Exhibit A.  Such Preliminary Approval Order will seek approval of a

23   Notice to the Class, as well as a finding that the following satisfies the publication requirements

24   of Fed. R. Civ. P. 23:  (i) posting the Notice to the Class and this Stipulation in appropriate places

25   on the USCIS, ICE, and DOJ/EOIR public websites, and (ii) distributing within three (3) business

26   days of the date of the Court's preliminary approval of this Stipulation, the Notice to the class and

27   the Stipulation to all immigration assistance providers listed on the Roster of Recognized

28   Organizations and Accredited Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292

1   and 1292, and the Pro Bono Program section of the EOIR website.

2   <center>VII.  Terms of Order and Final Judgment</center>

3       31.    If the Settlement contemplated by this Stipulation is approved by the Court,

4   counsel for the parties shall request that the Court enter Final Judgment substantially in the form

5   appended hereto as Exhibit B.  Such Final Judgment shall include a full vacatur of the Court's

6   permanent injunction Order of December 22, 2005 (slip copy published at 2005 WL 3542661

7   (N.D. Cal. 2005)) with such vacatur effective as of the date of the Final Judgment, except as to

8   those matters that will remain the subject of the District Court's retained jurisdiction under

9   paragraph 27 of this Stipulation.  The Final Judgment shall not include vacatur of the Court's

10  summary judgment Order of August 24, 2005 (published at 388 F. Supp. 2d 1065 (N.D. Cal.

11  2005)).

12      32.    Within 60 days following the Court's entry of the Final Judgment, Defendants will

13  publish a Notice of Final Settlement Agreement according to the methods set forth in paragraph

14  30. The language of the Notice of Final Settlement Agreement will be agreed upon by the parties

15  and will constitute an updated Notice to the Class.

16  <center>VIII.  Effective Date of Settlement, Waiver or Termination</center>

17      33.    The Effective Date of this Stipulation shall be the date when all of the following

18  shall have occurred:

19          (a)    entry of the Preliminary Approval Order in all material respects in the form

20  appended hereto as Exhibit A;

21          (b)    approval by the Court of this Stipulation, following notice to the Class and

22  a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

23          (c)    entry by the Court of Final Judgment, in all material respects in the form

24  appended hereto as Exhibit B.

25      34.    In the event that the District Court's approval of the Stipulation or the Final

26  Judgment referenced in 33(c) is voided on appeal, vacated, or terminated, the parties' good  faith

27  adherence to the terms of this Stipulation prior to said voidance, vacation or termination shall not

28  be considered unlawful.

<center>16.</center>

1    35.    Defendants' Counsel or Class Counsel shall have the right to terminate the

2    Settlement and this Stipulation by providing written notice of their election to do so

3    ("Termination Notice") to all other parties hereto within thirty (30) days of (a) the Court's

4    declining to enter the Preliminary Approval Order or modification of that Preliminary Approval

5    Order in any material respect; (b) the Court's declining to approve the Settlement embodied in

6    this Stipulation, or any material part of it; (c) the Court's declining to enter the Final Judgment or

7    modification of the Final Judgment in any material respect; (d) the date upon which the Final

8    Judgment is modified, reversed, or vacated in any material respect by the Court, the Court of

9    Appeals or the United States Supreme Court; or (e) the date upon which an Alternative Judgment

10   is modified, reversed, or vacated in any material respect by the Court, the Court of Appeals or by

11   the United States Supreme Court.

12   36.    Except as otherwise provided herein, in the event the Settlement is terminated or

13   modified in any material respect or fails to become effective for any reason, then the Settlement

14   shall be without prejudice and none of its terms shall be effective or enforceable; the parties to

15   this Stipulation shall be deemed to have reverted to their respective status in the Action as of the

16   date and time immediately prior to the execution of this Stipulation; and except as otherwise

17   expressly provided, the parties shall proceed in all respects as if this Stipulation and any related

18   orders had not been entered.  In the event the Settlement is terminated or modified in any material

19   respect, the Defendants shall be deemed not to have waived, modified, or be estopped from

20   asserting any additional defenses available to them.

21                          **IX.  Termination of Obligations**

22   37.    The obligations of this Stipulation shall terminate after two (2) years from the

23   Effective Date without further action by the Court.   The termination of this Stipulation shall not

24   extinguish or diminish the District Court's authority to resolve claims pending during the

25   effective period of the Stipulation pursuant to the District Court's retained jurisdiction under

26   paragraph 27, nor shall the termination of the Stipulation extinguish or diminish the rights of any

27   party with such pending claims to obtain relief based on the terms of this Stipulation.

28                          **X.  No Admission of Wrongdoing**

17.    STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1        38.     This Stipulation, whether or not executed, and any proceedings taken pursuant to

2  it:

3        (a)     shall not be construed to waive, reduce or otherwise diminish the authority

4  of the Defendants to enforce the laws of the United States against Class Members

5  notwithstanding the terms of this Stipulation, consistent with the Constitution and laws of the

6  United States.

7        (b)     shall not be offered or received against the Defendants as evidence of, or

8  construed as or deemed to be evidence of, any presumption, concession, or admission by any of

9  the Defendants of the truth of any fact alleged by the Plaintiffs or the validity of any claim that

10  had been or could have been asserted in the Action or in any litigation, or the deficiency of any

11  defense that has been or could have been asserted in the Action, or of any liability, negligence,

12  fault, or wrongdoing of the Defendants; or any admission by the Defendants of any violations of,

13  or failure to comply with, the Constitution, laws or regulations.

14        (c)     shall not be offered or received against the Defendants as evidence that

15  failure to provide documents within the time frame set forth herein, or within any time frame, is

16  unjustified or illegal; and

17        (d)     shall not be offered or received against the Defendants as evidence of a

18  presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any

19  way referred to for any other reason as against any of the parties to this Stipulation, in any other

20  civil, criminal, or administrative action or proceeding, other than such proceedings as may be

21  necessary to effectuate the provisions of this Stipulation; provided, however, that if this

22  Stipulation is approved by the Court, Defendants may refer to it and rely upon it to effectuate the

23  liability protection granted them hereunder.

24                       **XI. Attorneys' Fees**

25        39.     Within 90 days of entry of a final and nonappealable judgment in this case

26  approving this Stipulation, Defendants will deliver to Class Counsel the sum of $575,000, in

27  settlement of all claims for attorneys' fees and costs that could have been or will be claimed in

28  this litigation. Defendants shall bear any costs incurred in connection with notifying the class of

  STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1    the terms and conditions of this Stipulation.

2    ## XII.  Additional Provisions

3    40.    This Stipulation, and the obligations incurred herein, shall be in full and final

4    disposition of the Action with prejudice and any and all Settled Claims against Defendants.  On

5    the Effective Date, Plaintiffs shall be deemed to have fully, finally, and forever released,

6    relinquished, and discharged the Defendants of and from any and all Settled Claims.

7    41.    All of the exhibits attached hereto are hereby incorporated by reference as though

8    fully set forth herein.

9    42.    This Stipulation may not be modified or amended, nor may any of its provisions

10   be waived except by a writing signed by all parties hereto or their successors-in-interest.

11   43.    The headings herein are used for the purpose of convenience only and are not

12   intended to have legal effect.

13   44.    The administration and consummation of the Settlement as embodied in this

14   Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

15   purpose of enforcing the terms of this Stipulation.

16   45.    The waiver by one party of any breach of this Stipulation by any other party shall

17   not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

18   46.    This Stipulation and its exhibits constitute the entire agreement among the parties

19   hereto concerning the Settlement of the Action, and no representations, warranties, or

20   inducements have been made by any party hereto other than those contained and memorialized in

21   such documents.

22   47.    This Stipulation may be executed in one or more counterparts.  All executed

23   counterparts and each of them shall be deemed to be one and the same instrument provided that

24   counsel for the parties to this Stipulation shall exchange among themselves original signed

25   counterparts.

26   48.    This Stipulation shall be binding upon, and inure to the benefit of, the successors

27   and assigns of the parties hereto.

28   49.    This Stipulation shall not be construed more strictly against one party than another

STIPULATION AND AGREEMENT OF SETTLEMENT
AND RELEASE

1   merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of
2   the parties, it being recognized by the parties that this Stipulation is the result of arm's length
3   negotiations between the parties and that all parties have contributed substantially and materially
4   to the preparation of this Stipulation.

5          50.    All counsel and any other person executing this Stipulation and any of the exhibits
6   hereto, or any related settlement documents, warrant and represent that they have the full
7   authority to do so and that they have the authority to take appropriate action required or permitted
8   to be taken pursuant to the Stipulation to effectuate its terms.

9          51.    Class Counsel and Defendants' Counsel agree to cooperate fully with one another
10  in seeking Court approval of the Preliminary Order in Connection with the Settlement
11  Proceedings, the Stipulation and Agreement of Settlement, and to promptly agree upon and
12  execute all such other documentation as may be reasonably required to obtain final approval by
13  the Court of the Settlement.

14

15  Dated: _July 2, 2007_

16                                          _____
                                            Michelle S. Rhyu (212922) (mrhyu@cooley.com)
17                                          COOLEY GODWARD KRONISH LLP
                                            Attorneys for Plaintiffs Santillan, et. al.

18

19

20  Dated: _December 27, 2007_

21                                          _____
                                            Mark Walters (Mark.Walters@usdoj.gov)
22                                          OFFICE OF IMMIGRATION LITIGATION
                                            Attorney for Defendants

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                SAN FRANCISCO DIVISION

11   MARIA SANTILLAN, et al.                    Case No. C-04-2686 MHP

12                  Plaintiffs,                 Case No. C-08-1531 MHP

13          v.                                  **[PROPOSED] ORDER GRANTING
                                                JOINT MOTION FOR PRELIMINARY
     MICHAEL B. MUKASEY, Attorney               APPROVAL OF SETTLEMENT
14   General of the United States; et al.       AGREEMENT AND APPROVAL OF
                     Defendants;                NOTICE TO CLASS MEMBERS OF
15   and,                                       PROPOSED SETTLEMENT**

16   TERESA D. PADILLA, et al.,                 Hearing Date: June 16, 2008
                                                Time:  2:00 p.m.
17                  Plaintiffs                  Courtroom: 15

18          v.                                  Hon. Marilyn Hall Patel

     TOM RIDGE, Secretary of Homeland
19   Security, et al.,
     Defendants

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

On June 16, 2008, this Court held a hearing on the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement. Upon full consideration of all submitted papers and oral arguments in support of the Joint Motion, and for good cause shown, IT IS HEREBY ORDERED that the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Notice to Class Members of Proposed Settlement is GRANTED as follows:

1. The Stipulation and Agreement of Settlement and Release attached hereto as Attachment A is preliminarily approved.

2. The Notice of Proposed Settlement Agreement and Hearing in Class Action Concerning Issuance of Permanent Resident Documentation to Individuals Granted Status by the Executive Office for Immigration Review attached hereto as Attachment B is approved.

3. The following satisfies the notice requirements of Federal Rule of Civil Procedure 23(e)(1)(B): (i) posting the Notice of Proposed Settlement Agreement and Stipulated Agreement of Settlement and Release in appropriate places on the United States Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and Department of Justice ("DOJ") / Executive Office for Immigration Review ("EOIR") public websites, and (ii) distributing within three (3) business days of the date of this Order, the Notice of Proposed Settlement Agreement and Stipulated Agreement of Settlement and Release to all immigration assistance providers listed on the Roster of Recognized Organizations and Accredited Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292 and 1292, and the Pro Bono Program section of the EOIR website.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

1.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

4.       A fairness hearing will be held on July 21, 2008 at 3:00 p.m. by this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 15.

IT IS SO ORDERED.


Dated: _____, 2008

_____
Hon. Marilyn Hall Patel
UNITED STATES DISTRICT JUDGE

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

747032/PA

2.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

# EXHIBIT B

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN FRANCISCO DIVISION

11   MARIA SANTILLAN, et al.                    Case No.  C-04-2686 MHP

12                Plaintiffs,                    Case No. C-08-1531 MHP

13        v.                                    **[PROPOSED] ORDER APPROVING
     MICHAEL B. MUKASEY, Attorney General       SETTLEMENT AND DISMISSING
14   of the United States; et al.               CASE**

15                Defendants;                    Hearing Date:  July 21, 2008
     and,                                        Time:  3:00 p.m.
16                                               Courtroom: 15
     TERESA D. PADILLA, et al.,
17                Plaintiffs                      Hon. Marilyn Hall Patel

18        v.
     TOM RIDGE, Secretary of Homeland
19   Security, et al.,
     Defendants
20

21

22        Upon consideration of the parties' joint motion to approve a settlement of the above-

23   captioned cases and to dismiss, and after a duly noticed fairness hearing,

24

25

26

27

28

Cooley Godward LLP
Attorneys At Law
Palo Alto

755844/PA

Case No. C-04-2686 MHP
Case No. C-08-1531 MHP

1    IT IS HEREBY ORDERED that the joint motion to approve the settlement agreement is

2  granted, the  injunction issued on December 22, 2005, is vacated, and the case is dismissed.   The

3  Court retains no jurisdiction over this matter except as stated in paragraph 27 of the settlement

4  agreement.

5    IT IS SO ORDERED.

6

7  Dated: _____, 2008

8                                                          _____
                                                           Hon. Marilyn Hall Patel

9                                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

755844/PA

1.

CASE NO. C-04-2686 MHP
CASE NO. C-08-1531 MHP

# ATTACHMENT B

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT
AND HEARING IN CLASS ACTION CONCERNING ISSUANCE OF
PERMANENT RESIDENT DOCUMENTATION TO INDIVIDUALS GRANTED
STATUS BY THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

**<u>SANTILLAN, ET AL. v. MUKASEY, ET AL.</u>, No. C 04-2686-MHP; AND
<u>PADILLA, ET AL. V. RIDGE, ET AL.</u>, No. C 08-1531-MHP
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIV.**

**TO:** All persons who were or will be granted lawful permanent resident status by the U.S. Executive Office for Immigration Review (EOIR), through the Immigration Courts or the Board of Immigration Appeals (BIA), and to whom the U.S. Citizenship and Immigration Services (USCIS) has not issued evidence of registration as a lawful permanent resident (LPR).

You are hereby notified that a hearing has been scheduled for July 21, 2008, at 3:00 p.m., before the Honorable Marilyn H. Patel of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, CA 94102 for consideration of a proposed settlement of the claims that have been brought on your behalf in this action.

**<u>Purpose of This Notice</u>**

This notice has three purposes: 1) to inform you of the proposed settlement and fairness hearing; 2) to tell you how to obtain more information, including a copy of the full proposed settlement agreement; and 3) to explain how you may object to the proposed settlement if you disagree with it.

**<u>Background</u>**

This class action lawsuit ("<u>Santillan</u>") was filed on July 6, 2004, to challenge alleged delays by USCIS in issuing documentation of status (*e.g.,* a Permanent Resident Card (Form I-551) or "green card," or a temporary document) to individuals who had been granted, or would be granted, LPR status by immigration judges or by the BIA.

The parties have reached a tentative settlement that the Court has preliminarily approved. The settlement agreement incorporates the class certified in <u>Padilla, et al. v. Ridge, et al.</u>, No. C 08-1531 MHP ("<u>Padilla</u>"). Therefore, this Notice and the proposed settlement agreement, if approved, apply to all members, present and future, of the now-combined <u>Santillan</u> and <u>Padilla</u> lawsuits. This Notice and the proposed agreement do <u>not</u> apply to individuals who were granted their LPR status by USCIS, by U.S. Customs and Border Protection (CBP), or by the former Immigration and Naturalization Service (INS).

**<u>Description of Proposed Settlement Agreement</u>**

The following description is only a summary of the key points in the proposed settlement agreement. Information on obtaining a copy of the full, proposed agreement is provided after this summary. The Effective Date of the agreement is the date that the district court approves it, vacates its permanent injunction, and issues a Final Judgment Order that is materially the same as that proposed by the parties as an exhibit to the full

proposed agreement.  The duration of the settlement agreement will be for two (2) years from the Effective Date.

The key terms of the proposed settlement agreement provide that any class member who is granted adjustment to LPR status in Immigration Court or BIA proceedings will be given a written description of the procedures for obtaining documentation of status.  Except in certain cases involving national security or public safety, USCIS will issue each class member his or her Permanent Resident Card (Form I-551) within thirty (30) business days of the class member's attendance at an appropriately scheduled appointment at the local USCIS office, unless biometrics are required.  Where biometrics are required, USCIS will provide an appointment at a USCIS Application Support Center within 15 days, and the Permanent Resident Card will be produced within 15 business days of that appointment.  In certain emergency travel and work circumstances, a class member may seek issuance of temporary status documentation.  DHS may withhold documentation of LPR status from a class member beyond any of the time periods stated in the agreement, where defendants possess specific and particular information that the class member may be a risk to national security or public safety.  However, any such decision to withhold documentation must be certified in writing by the USCIS Director or Deputy Director.

If a class member does not receive his or her Permanent Resident Card within the time periods described above, he or she may contact a USCIS national Point of Contact (POC).  USCIS then will have twenty-one (21) business days to inquire into the status of the class member's documentation and to issue the Permanent Resident Card. If the class member does not receive the card after the 21 days, he or she may go to USCIS and will be issued temporary documentation valid for at least six months.  USCIS will provide class counsel with quarterly reports listing class members, who have contacted the national POC but who still have not been issued their LPR status documentation.

Where a class member has exhausted all of the time periods and procedures for issuance of LPR status documentation required by the agreement, and still has not received such documentation, he or she may pursue an individual claim for documentation in any court with jurisdiction.  The agreement also provides for class counsel to bring class claims to enforce the agreement under specified conditions.

The settlement agreement is conditioned on the district court's fully vacating its permanent injunction order of December 22, 2005.  The Court's August 24, 2005, summary judgment order shall not be vacated, but that decision cannot be used to show that a fact or claim that was in dispute in this lawsuit has previously been decided.

The agreement further provides that, in consideration of the other provisions in the agreement, class members release all defendants from all "Settled Claims." For a complete description of the releases and "settled claims," you should obtain a full copy of the proposed settlement agreement.  Defendants do not admit any wrongdoing, fault or liability, nor may their agreement to the preservation of the August 24, 2005, summary judgment decision be construed as Defendants' acceptance of any of the findings of fact or conclusions of law contained in that decision.  The settlement agreement cannot be used

2

against defendants as evidence of any presumption, concession or admission of any liability, negligence, fault or wrongdoing in future actions.

**For Further Information:**

THIS IS A SUMMARY OF THE PROPOSED AGREEMENT.  TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT.  Copies of the proposed settlement may be obtained from:  1) The USCIS website at www.uscis.gov (click on Laws & Regulations and then click Legal Settlement Notices); 2) the EOIR website at www.usdoj.gov/eoir; 3) the ICE website at www.ice.gov; 4) immigration assistance providers listed on the Roster of Recognized Organizations and Accredited Representatives maintained by EOIR pursuant to 8 C.F.R. §§ 292 and 1292; and 5) immigration assistance providers listed on the Pro Bono Program section of the EOIR website.

**Procedures For Agreement or Objection:**

IF YOU AGREE with the proposed settlement, you need not do anything at this time.  You may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it and to the dismissal of the remaining claims in the lawsuit.  Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:

1. Objections must be filed in writing by mail with the Clerk of the United States District Court for the Northern District of California (San Francisco Division), 450 Golden Gate Avenue, San Francisco, CA 94102.
   ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:
   a. Name, address, and telephone number of the person filing the objection.
   b. The case name and docket number (C-04-2686-MHP).
   c. A statement of the reasons for the objection.
   d. A statement that copies of the objection were sent to all lawyers listed below.

2. You must send copies of your objections to all lawyers listed at the end of this notice.

3. The deadline for filing objections and mailing them to the lawyers listed below is July 10, 2008.  If Objections are filed by mail, they must be postmarked on or before July 10, 2008,  to be considered timely.  Objections filed or mailed on or after that date will not be considered. Class members who fail to file objections on or before the above date will not be permitted to testify at the settlement hearing.

4. No later than July 18, 2008, counsel for plaintiffs and defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.

**Attorneys' Names and Addresses for Defendants and Plaintiffs:**

For the Plaintiffs:
    Michelle S. Rhyu
    Cooley Godward Kronish LLP
    Five Palo Alto Square
    3000 El Camino Real
    Palo Alto, CA  94306-2155
    650-843-5000

For the Defendants:
    Mark Walters
    Office of Immigration Litigation
    Civil Division, Department of Justice
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    202-616-4857